CONTRERAS, APPELLANT, *v.* FERRO CORPORATION ET AL., APPELLEES.

[Cite as *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244.]

(No. 94–32—Submitted March 8, 1995—Decided July 28, 1995.)

*Weston, Hurd, Fallon, Paisley & Howley, Louis Paisley, William H. Baughman, Jr.,* and *John G. Farnan,* for appellant.

*Squire, Sanders & Dempsey* and *Daniel J. O'Loughlin,* for appellees.

DOUGLAS, J. Appellant presents two issues for our consideration. The first is whether the court of appeals erred in finding that appellees were entitled to summary judgment on Contreras's claim for violations of R.C. 4113.52, Ohio's Whistleblower Statute. The second is whether the court of appeals erred in finding that appellees were entitled to summary judgment on Contreras's cause

of action for wrongful discharge premised upon violations of public policy. For the reasons that follow, we affirm the judgment of the court of appeals but we decide only the first issue as our decision on the first issue moots the second issue.

I

### Appellant's Statutory Claim

Ohio's Whistleblower Statute, R.C. 4113.52,[1] provides specific procedures an employee must follow to gain statutory protection as a whistleblower. R.C. 4113.52(A)(1)(a) addresses the situation where an employee in the course of his or her employment becomes aware of a violation of any state or federal statute or

---

1. R.C. 4113.52 provides that:

"(A)(1)(a) If an employee becomes aware in the course of his employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that his employer has authority to correct, and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation. If the employer does not correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the report, whichever is earlier, the employee may file a written report that provides sufficient detail to identify and describe the violation with the prosecuting authority of the county or municipal corporation where the violation occurred, with a peace officer, with the inspector general if the violation is within his jurisdiction, or with any other appropriate public official or agency that has regulatory authority over the employer and the industry, trade, or business in which he is engaged.

"(b) If an employee makes a report under division (A)(1)(a) of this section, the employer, within twenty-four hours after the oral notification was made or the report was received or by the close of business on the next regular business day following the day on which the oral notification was made or the report was received, whichever is later, shall notify the employee, in writing, of any effort of the employer to correct the alleged violation or hazard or of the absence of the alleged violation or hazard.

"(2) If an employee becomes aware in the course of his employment of a violation of Chapter 3704., 3734., 6109., or 6111. of the Revised Code that is a criminal offense, the employee directly may notify, either orally or in writing, any appropriate public official or agency that has regulatory authority over the employer and the industry, trade, or business in which he is engaged.

"(3) If an employee becomes aware in the course of his employment of a violation by a fellow employee of any state or federal statute, any ordinance or regulation of a political subdivision, or any work rule or company policy of his employer and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.

"(B) Except as otherwise provided in division (C) of this section, no employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(1) or (2) of this section, or as a result of the employee's having made any inquiry or taken any

any ordinance or regulation of a political subdivision *that the employer has the authority to correct,* and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm or a hazard to public health or safety or is a felony. Under such circumstances, R.C. 4113.52(A)(1)(a) *requires* that the employee orally notify his or her supervisor or other responsible officer of the employer of the violation *and* subsequently file with that person a written report that provides sufficient detail to identify and describe the violation. *If* these requirements have been satisfied *and* the employer does not correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral

---

other action to ensure the accuracy of any information reported under either such division. No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division. For purposes of this division, disciplinary or retaliatory action by the employer includes, without limitation, doing any of the following:

"(1) Removing or suspending the employee from employment;

"(2) Withholding from the employee salary increases or employee benefits to which the employee is otherwise entitled;

"(3) Transferring or reassigning the employee;

"(4) Denying the employee a promotion that otherwise would have been received;

"(5) Reducing the employee in pay or position.

"(C) An employee shall make a reasonable and good faith effort to determine the accuracy of any information reported under division (A)(1) or (2) of this section. If the employee who makes a report under either division fails to make such an effort, he may be subject to disciplinary action by his employer, including suspension or removal, for reporting information without a reasonable basis to do so under division (A)(1) or (2) of this section.

"(D) If an employer takes any disciplinary or retaliatory action against an employee as a result of the employee's having filed a report under division (A) of this section, the employee may bring a civil action for appropriate injunctive relief or for the remedies set forth in division (E) of this section, or both, within one hundred eighty days after the date the disciplinary or retaliatory action was taken, in a court of common pleas in accordance with the rules of civil procedure. A civil action under this division is not available to an employee as a remedy for any disciplinary or retaliatory action taken by an appointing authority against the employee as a result of the employee's having filed a report under division (A) of section 124.341 of the Revised Code.

"(E) The court, in rendering a judgment for the employee in an action brought pursuant to division (D) of this section, may order, as it determines appropriate, reinstatement of the employee to the same position he held at the time of the disciplinary or retaliatory action and at the same site of employment or to a comparable position at that site, the payment of back wages, full reinstatement of fringe benefits and seniority rights, or any combination of these remedies. The court also may award the prevailing party all or a portion of the costs of litigation, and if the employee who brought the action prevails in the action, may award the prevailing employee reasonable attorney's fees, witness fees, and fees for experts who testify at trial, in an amount the court determines appropriate. If the court determines that an employer deliberately has violated division (B) of this section, the court, in making an award of back pay, may include interest at the rate specified in section 1343.03 of the Revised Code.

notification or the receipt of the written report, *whichever is earlier,* the employee *may* then file a written report with the prosecuting authority of the county or municipal corporation where the violation occurred or with some other appropriate person specified in R.C. 4113.52(A)(1)(a).

Clearly, the provisions of R.C. 4113.52(A)(1) contemplate that the employer shall be given the opportunity to correct the violation. The statute mandates that the employer be informed of the violation both orally and in writing. An employee who fails to provide the employer with the required oral notification and written report is not entitled to statutory protection for reporting the information to outside authorities. If the employee provides the employer with oral notification and a written report, the employee may be entitled to the protections of the whistleblower statute for reporting the information to outside authorities *only* if the employer has failed to correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the written report, whichever is earlier. R.C. 4113.52(A)(1)(b) contemplates that the employer will apprise the employee of its efforts to correct the violation. That provision mandates that if an employee makes a report to his or her employer under R.C. 4113.52(A)(1)(a), the employer, within twenty-four hours after the oral notification was made or the report received or by the close of business on the next regular business day, *whichever is later,* must provide written notice to the employee of any efforts the employer made to correct the alleged violation or hazard or of the absence of the alleged violation or hazard. Only after all these various procedures and requirements have been satisfied, and only if the employer has not corrected the violation or made a reasonable and good faith effort to correct the violation may the employee report the violation to outside authorities—but *only* those authorities specified in R.C. 4113.52(A)(1)(a).

Therefore, to restate, R.C. 4113.52(A)(1) protects an employee for reporting certain information to outside authorities *only* if the following requirements have first been satisfied: (1) the employee provided the required oral notification to the employee's supervisor or other responsible officer of the employer, (2) the employee filed a written report with the supervisor or other responsible officer, and (3) the employer failed to correct the violation or to make a reasonable and good faith effort to correct the violation. Further, R.C. 4113.52(A)(1)(a) sets forth the *sole acceptable manner* in which the employee may "blow the whistle" to outside authorities. Specifically, the employee may file a written report that provides sufficient detail to identify and describe the violation with the proper prosecuting authority or other appropriate official or agency with regulatory

---

"(F) Any report filed with the inspector general under this section shall be filed as a complaint in accordance with section 121.46 of the Revised Code."

authority over the employer and the industry, trade or business in which the employer is engaged. An employee who fails to follow the specific requirements of the statute is not a protected whistleblower and, accordingly, may not bring a wrongful discharge action pursuant to R.C. 4113.52.

Here, the situation encountered by Contreras was covered by the terms of R.C. 4113.52(A)(1)(a). That is, Contreras became aware in the course of his employment of an illegal inventory diversion that his employer had the authority to correct. However, Contreras did not orally notify his superior or other responsible officer of the corporation of the illegal inventory diversion before he involved outsiders to the corporation in an investigation of the criminal activity. Nor did Contreras provide the employer with a written report of the criminal activity until well after the matters had been revealed to a number of sources outside Ferro. Contreras never provided his employer with the opportunity to correct the illegal inventory diversion. Accordingly, Contreras clearly did not comply with any of the requirements of R.C. 4113.52(A)(1)(a) and, thus, may not avail himself of the protections of the Whistleblower Statute.

Nevertheless, Contreras suggests that this case is governed by the provisions of R.C. 4113.52(A)(3), not 4113.52(A)(1)(a). However, we find that the provisions of R.C. 4113.52(A)(1)(a) are clearly applicable in the case at bar. Further, we note, in passing, that it is difficult to imagine a whistleblower fact pattern that would fall exclusively under the provisions of R.C. 4113.52(A)(3) without also involving the provisions of R.C. 4113.52(A)(1).

Appellees contend that Contreras was not "an employee [who became] aware in the course of his employment of a violation" within the meaning of R.C. 4113.52, since Contreras was the *recipient of information* (as opposed to a provider of information) concerning the illegal inventory diversion. However, we find that this distinction ignores the undisputed fact that Contreras was also in a position to be a reporter of information (and was, in fact, a reporter of information) when he reported the illegal inventory diversion to his superiors. Appellant was clearly an "employee" within the meaning of R.C. 4113.52 because he performed services for the corporation for wages or other remuneration.[2] R.C. 4113.52 contemplates that there may be more than one protected reporter of information for any given event. Clearly, *each employee in the chain of command* who receives the information and reports it to his or her supervisor is protected from retaliatory action if the manner in which the information is reported complies with the requirements of the statute. Thus, Contreras could have been consid-

---

2. R.C. 4113.51 provides, in part:

"As used in sections 4113.51 to 4113.53 of the Revised Code:

"(A) 'Employee' means any person who performs a service for wages or other remuneration for an employer."

ered a protected whistleblower had he complied with the terms of R.C. 4113.52(A)(1)(a) in reporting the information to his superiors.

The court of appeals properly found that appellant did not comply with the procedures set forth in R.C. 4113.52. Specifically, the court of appeals held that:

"Appellant's 'status' as a whistleblower depends on whether he followed the strict procedural steps as outlined by the statute. It is uncontroverted that appellant was informed of allegations involving felonies being committed at the Complas plant in Evansville. Upon receipt of the relevant allegations, appellant attempted to make a reasonable and good faith effort to ensure the accuracy of the information reported to him by instituting an investigation of the diversion of inventory as required by R.C. 4113.52(C). To this point, it would appear that appellant would be afforded protection under the 'whistleblower' statute. However, in the course of his investigation, appellant notified outsiders [to] the corporation of the investigation, including Mr. Barrier, General Electric's general counsel, the Evansville police and the district attorney. Upon notifying these outsiders to the corporation, appellant's efforts to ensure the accuracy of the information took him outside the parameters of conduct permitted of employees in notifying the appropriate authorities. Had appellant investigated the allegations without notifying outside authorities prior to notifying his superiors, a material issue of fact may exist as to his status as a whistleblower. However, appellant's status as a whistleblower cannot be maintained as he notified outside authorities prior to notifying his superiors or other responsible corporate officers. * * *

"Moreover, appellant cannot maintain that a material issue of fact exists concerning the reasonableness of his investigation since he notified outside authorities during the course of his investigation of the relevant allegations prior to notifying his superiors. A holding to the contrary, allowing an employee to notify the appropriate authorities of an investigation to ensure the reasonableness of a report prior to notifying the employee's supervisor or other responsible corporate officer, would eviscerate the 'whistleblower' statute and the clear legislative intent of requiring notification to the company before going to the appropriate authorities."

We agree with the court of appeals' conclusion that appellees were entitled to summary judgment on Contreras's statutory claim because Contreras failed to follow the requirements of the statute.

## II

### *Greeley* Claim

Appellant also contends that he has a common-law cause of action based upon *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Given our discussion in Part I, *supra,* we find this issue to be moot.

If appellant was entitled to maintain a *Greeley* claim, an issue that today we do not decide, then that claim would have to be based upon the public policy embodied in R.C. 4113.52. Since appellant did not comply with the statute in the first instance he would have no foundation for a *Greeley* claim if, in fact, he was entitled to assert such a claim. Therefore, in this case the issue is moot.

## III

Accordingly, we hold that in order for an employee to be afforded protection as a "whistleblower," such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute.

The judgment of the court of appeals is, in part, affirmed. The judgment as to appellant's statutory cause of action is affirmed. The judgment of the court of appeals as to the propriety of a *Greeley* cause of action is moot and we leave judgment on this issue to another day when the issue is properly before us.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

COOK, J., concurs in the syllabus and judgment only.

PFEIFER, J., dissents.

PFEIFER, J., dissenting. I dissent from the majority decision in part because it incorrectly holds that Contreras's claim arises under R.C. 4113.52(A)(1). Instead, his claim arises under R.C. 4113.52(A)(3), which provides:

"If an *employee becomes aware* in the course of his employment *of a violation by a fellow employee* of any state or federal statute, any ordinance or regulation of a political subdivision, or any work rule or company policy of his employer and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and . subsequently shall file with the supervisor or officer a written report that provides sufficient detail to identify and describe the violation." (Emphasis added.).

It is obvious that R.C. 4113.52(A)(1) and (A)(3) are meant to address different situations and persons: (A)(1) contemplates an *employer* violation of law and (A)(3) involves an *employee* violation. It is just as obvious that (A)(3) governs Contreras's situation. No one has ever claimed that it was official Complas policy to steal customer property to fund employee drug abuse. The activity at issue occurred among employees acting completely outside the company's authority. It

is difficult to imagine a violation which could be more purely employee-oriented. R.C. 4112.52(A)(3) exists for a reason, and the actions of Complas employees fit squarely into the type of activity that the statute contemplates that a loyal employee might report.

The majority's suggestion that an (A)(3) situation must meet the reporting requirements of (A)(1) ignores the clear intent of the legislature to differentiate between reporting one's employer and reporting a fellow employee. The reporting requirements in (A)(3) are not as stringent as those in (A)(1) because the company itself is not the accused wrongdoer in an (A)(3) situation. The independent, illegal activities of employees, not company policy, are called into question. Requirements built in to protect the company become less necessary when the company itself is not culpable. Since Contreras fits into R.C. 4113.52(A)(3), he was not required to first notify the company before reporting his fellow employees to appropriate law enforcement officials. Had the General Assembly intended to impose such a requirement, it could have required, as it did in (A)(1), that employees wait twenty-four hours before contacting a prosecutor. However, the language of R.C. 4113.52(A)(3) is clear and unambiguous and contains no such requirement.

When he heard of possible illegal conduct by other employees, Contreras was bound by statute to investigate. R.C. 4113.52(B) provides in part:

"No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division."

Therefore, I would leave to the jury the question of whether Contreras was terminated for making the report or for taking actions to ensure the accuracy of the information he reported (or for going further than necessary to ensure the accuracy of the information), or for some other reason for which the statute offers no protection. The majority may not agree with the actions that Contreras took, but the protections uniquely afforded by R.C. 4113.52(A)(3) may mean something to somebody else someday. Unfortunately, the majority opinion has basically rendered those protections meaningless.

I also dissent from the majority's holding that Contreras does not have a common-law cause of action. The issue is far from moot. Rather, even if Contreras did not meet all the statute's requirements, he still had a common-law cause of action.

With its holding that an employee has to fall four square into the statute to receive common-law relief, the majority takes a backward leap into the world

created by this court in *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114, which left an employee discharged for whistleblowing with no rights against his employer. The majority chooses to ignore the progress that the law has made since *Phung.*

In 1988, the General Assembly enacted the Whistleblower Statute, therefore enunciating the public policy against retaliatory discharges for reporting an employer's wrongdoing. In *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, this court found an exception to the right to terminate employment at will for "any cause" where the "discharge is in violation of a statute and thereby contravenes public policy." *Greeley,* at paragraph two of the syllabus. In *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, we held that to state a claim of wrongful discharge in violation of public policy, a plaintiff is not limited to having to prove the violation of a specific statute.

Thus, even in cases where the statutory remedy does not apply, the question remains whether the public policy behind the statute is violated. In such cases, victims should have an opportunity to pursue civil remedies.

The Whistleblower Statute is the guiding light that *Greeley* instructs courts to follow in developing public-policy-based common-law exceptions to employment at will. The statute was the green light for the common law to develop in a way reflective of the public-policy concerns behind the statute. Thus, in this case, I would have allowed Contreras the opportunity to prove that the public policy behind the statute was violated.

I am encouraged that the majority has left open the question as to whether a person who fits within the Whistleblower Statute is limited to the recovery prescribed in the statute. The remedies that R.C. 4113.52 provides are deficient. The plum relief is reinstatement to the former position. In situations like the one at issue, the history of enmity, emotion and distrust between the parties, especially given their fiduciary relationship, makes the prospect of reinstatement unrealistic.

Finally, I would instruct the trial court on remand to determine the applicability of the attorney-client privilege on a item-by-item basis. The attorney-client privilege is not absolute, and the societal interest in providing Contreras the right to pursue his suit may outweigh the societal interest in preserving the information shared in this particular attorney-client relationship.