[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 1286.]

TRADER, APPELLEE, *v*. PEOPLE WORKING COOPERATIVELY, INC., APPELLANT.

[Cite as *Trader v. People Working Cooperatively, Inc.*, 1996-Ohio-255.]

*Appeal dismissed as improvidently allowed.*

(No. 95-100—Submitted January 9, 1996—Decided February 21, 1996.)

APPEAL from the Court of Appeals for Hamilton County, No. C-930716.

———————————

*Lindhorst & Dreidame Co., L.P.A.,* and *James M. Moore,* for appellee.

*Arter & Hadden, Gary S. Batke* and *Laura Hauser Pfahl*, for appellant.

———————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

Trader v. People Working Cooperatively, Inc.

———————————

**WRIGHT, J., dissenting.**

{¶ 2} I must vigorously dissent from this court's ruling that this case was improvidently allowed.

{¶ 3} This case squarely presents the issue of whether the Ohio Whistleblower Protection Act ("WPA"), R.C. 4113.52, is the exclusive remedy for at-will employees discharged for reporting statutory violations by their employers, and whether the WPA preempts a possible common-law public-policy tort premised upon "whistleblowing." I believe that this issue is a matter of great public importance and should have been ruled upon by this court. As it is, this court's failure to act allows the decision of the court of appeals to stand; I believe the decision below was wrongly decided.

**{¶ 4}** In 1986, this court held that "[p]ublic policy does not require that there be an exception to the employment-at-will doctrine when an employee is discharged for reporting to his employer that it is conducting its business in violation of law." *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114, paragraph one of the syllabus. The General Assembly enacted the WPA in apparent response to *Phung*. This legislation carefully balanced the public policy of encouraging prompt employee reporting of criminal, hazardous or unsafe conditions created by their employers with the imposition of specific obligations employees must meet to gain protection as a whistleblower. As enacted, the WPA provides the exclusive remedies of reinstatement, back wages, lost benefits, witness and expert witness fees, attorney fees, costs and interest. See R.C. 4113.52(E); *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 136, 543 N.E.2d 1212, 1216-1217, at fn. 7.

**{¶ 5}** As suggested above, whistleblower claims were not actionable at common law. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111-112, 570 N.E.2d 1095, 1099-1100.[1] Where a statute such as the WPA creates a right that was not actionable at common law, the remedy prescribed is exclusive. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police* (1991), 59 Ohio St.3d 167, 169, 572 N.E.2d 87, 89 (citing *Zanesville v. Fannan* [1895], 53 Ohio St. 605, 42 N.E. 703, pararaph two of the syllabus). This court has stated that "'[w]here the General Assembly by statute creates a new right and at the same time prescribed remedies or penalties for its violation, the courts may not intervene and create an additional remedy ***. If the General Assembly has provided a remedy for the

---

1. This court in *Wing* was asked to recognize a *Greeley* public-policy exception to the employment-at-will doctrine for employees discharged for whistleblowing, and it declined to do so "on the basis of these facts." *Wing*, 59 Ohio St.3d at 111-112, 570 N.E.2d at 1099-1100. See *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. Wing alleged that he was terminated for bringing wrongdoing to the attention of his employer. The facts in this case are no different.

enforcement of a specific new right, a court may not on its own initiative apply another remedy it deems appropriate.'" *Franklin Cty.,* 59 Ohio St.3d at 169, 572 N.E.2d at 89-90 (quoting *Fletcher v. Coney Island, Inc.* [1956], 165 Ohio St.150, 154, 59 O.O. 212, 214, 134 N.E.2d 371, 374).

{¶ 6} While drafting the WPA, the General Assembly considered a version of the statute which would have authorized many kinds of relief, including the following:

"The court *** shall order *** reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, *actual damages*, *punitive damages* or any combination of these remedies." (Emphasis added.) (Hearings of May 7, 1987 on Sub.H.B.No. 406; see *Rheinecker v. Forest Laboratories, Inc.* [S.D. Ohio 1993], 826 F.Supp. 258, at fn.2.) The emphasized language would have been broad enough to authorize front pay, compensatory damages, and punitive damages. However, the General Assembly rejected the above-quoted provisions for actual damages and punitive damages. (Sub.H.B. No. 406 as re-reported by Senate Judiciary Committee, March 3, 1988.)[2] Further, the Senate added a provision which expressly declared that remedies shall be limited to those identified in the statute. (*Id.*) This amendment became part of the statute, as enacted (142 Ohio Laws, Part II, 3590, 3592-3593):

"The employee may bring a civil action for appropriate injunctive relief or for the *remedies set forth in division (E)* of this section, or both." (Emphasis added.) R.C. 4113.52(D).

---

2. The House accepted all Senate amendments to the bill. (142 Ohio House Journal 1581 [March 10, 1988].) See R.C. 4113.52(E). This amendment distinguishes the whistleblower statute from statutes such as R.C. 4112.99, which authorizes a court to award specified remedies "or any other appropriate relief."

Thus, the General Assembly rejected provisions which would have provided greater remedies, and declared that remedies and periods of limitation shall be limited to those specifically provided in the statute itself. There could not be a clearer statement of legislative intent.

{¶ 7} In addition to its apparent unfounded argument that a public policy claim for whistleblowers existed at common law, the majority points to *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428, and *Helmick*, *supra*, to support its apparent conclusion that the remedies set forth in the WPA are not exclusive. *Kerans* and *Helmick* upheld the rights of employees to pursue both statutory and common-law remedies for sexual harassment. In *Helmick*, the common-law remedies for assault and battery existed long before the state anti-discrimination statute was enacted and were not presumed to be extinguished. *Helmick*, 45 Ohio St.3d at 135, 543 N.E.2d at 1216 ("[A]n existing common-law remedy may not be extinguished ***.). Similarly, the court in *Kerans* was concerned that the plaintiff had essentially no remedy for sexual harassment under Ohio's workers' compensation statute. *Kerans*, 61 Ohio St.3d 486, 575 N.E.2d 428, at paragraph one of the syllabus. See *Russell v. Gen.l Elec. Co.* (Jan. 14, 1994) S.D. Ohio No. C-1-92-343, Order and Report and Recommendation, at 22-23 (distinguishing *Kerans* and *Helmick* where employee sought to bring whistleblower claim under both the whistleblower statute and *Greeley v. Miami Valley Maintenance Contrs., Inc.* [1990], 49 Ohio St.3d 228, 551 N.E.2d 981). By contrast, Ohio whistleblowers have meaningful remedies under R.C. 4113.52 and had no remedy at common law.

{¶ 8} The legislative intent is clear—the General Assembly responded to *Phung*, enunciated the procedure for a whistleblower to follow, and specifically considered and excluded broader remedies. At the time R.C. 4113.52 was enacted, there existed no common-law tort claim for whistleblower protection. The General Assembly created a *new* right, imposed new duties, and prescribed new and

4

*exclusive* remedies and periods of limitation. *Bear v. Geetronics, Inc.* (1992), 83 Ohio App.3d 163, 168-169, 614 N.E.2d 803, 807; *Contreras v. Ferro Corp.* (1994), 73 Ohio St.3d 244, 652 N.E.2d 940; *Murray v. Clinton Petroleum Co.* (July 16, 1993), Portage App. No. 92-P-0086, unreported; *Rheinecker v. Forest Laboratories, Inc.* (S.D. Ohio 1993), 813 F.Supp. 1307, 1313, reconsideration denied, 826 F.Supp. 256, 257*; Ungrady v. Burns Internatl. Security Services, Inc.* (N.D. Ohio 1991), 767 F.Supp. 849, 852-853; *Russell*, *supra* (all holding that WPA provides the exclusive remedy for whistleblowing). See *Anderson v. Lorain Cty. Title Co.* (1993), 88 Ohio App.3d 367, 623 N.E.2d 1318; *Schwartz v. Comcorp. Inc.* (1993), 91 Ohio App.3d 639, 633 N.E.2d 551; *Emser v. Curtis Industries* (N.D. Ohio 1991), 774 F.Supp. 1076, 1078; *Pozzobon v. Parts for Plastics, Inc.* (N.D. Ohio 1991), 770 F.Supp. 376, 380 (all holding that no public-policy tort remedy is available where the statute containing the public policy which was allegedly violated provides a specific civil legal remedy for its violation). See, also, *Dudewicz v. Norris-Schmid, Inc.* (1993), 443 Mich. 68, 78-80, 503 N.W.2d 645, 649-650 (remedies provided by whistleblower statute are exclusive, as there was no right at common law to be free from being fired for reporting an employer's violation of the law); *Pacheo v. Raytheon Co.* (R.I. 1993), 623 A.2d 464, 465 (declining to recognize tort of whistleblowing where legislature has enacted whistleblower statute: "It is not the role of the courts to create rights for persons whom the Legislature has not chosen to protect.*"); Magerer v. John Sexton & Co.* (C.A. 1, 1990), 912 F.2d 525, 531-532 (no valid common-law claim for violation of public policy where legislature has provided a statutory scheme to govern such claims); *Grzyb v. Evans* (Ky. 1985), 700 S.W.2d 399, 401 ("The statute not only creates the public policy but preempts the field of its application."); *Mello v. Stop & Shop Cos., Inc.* (1988), 402 Mass. 555, 556, 524 N.E.2d 105, 106 (no common-law rule needed where legislature has provided a statutory remedy).

**{¶ 9}** Recently in *Contreras*, this court stated unequivocally that a plaintiff must strictly comply with the mandates of the WPA in order to pursue his or her cause of action. *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, syllabus. I believe that *Contreras* controls the case before us. For this reason and for the reasons noted above, I believe the decision of the court of appeals should be reversed.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.

————————————