ACCELERATED JOURNAL ENTRY AND OPINION
Plaintiff Antoinette J. King appeals from the judgment of the trial court that granted summary judgment to defendants, the City of East Cleveland, Mayor Emmanuel Onunwor and other city officials in her action for wrongful termination. For the reasons set forth below, we affirm.
On March 7, 2000, plaintiff filed this pro se action against the City of East Cleveland, Mayor Emmanuel Onunwor, Human Resources Director Maria Valle-Johnson, Data Processing Manager Michael Schwegler and Systems Administrator Claude Mitchell. Plaintiff alleged that she was terminated from her position in the computer department at East Cleveland City Hall without being given prior notice, that the termination was discriminatory due to her race, gender and age, that the termination was in contravention of public policy and was done in retaliation for complaints which plaintiff had lodged regarding theft and security issues, and that Mayor Onunwor defamed plaintiff prior to terminating her employment. Defendants denied liability as to all claims.
On October 23 2000, plaintiff filed a motion for summary judgment. Plaintiff appended to her motion copies of numerous written accolades that she had received during the course of her career. She also appended unsworn and unverified statements of events surrounding this matter and a letter, written following her termination, in which plaintiff alleged various improprieties occurring in her department.
Defendants also moved for summary judgment in this matter and submitted evidence that demonstrated that plaintiff was terminated for being unable to meet the requirements of her position, that her claim of retaliatory discharge in violation of the Whistleblower statute was flawed on its face since her complaint post-dated her termination, that plaintiff was replaced by another black female of comparable age, that plaintiff was an at-will employee with no property interest in continued employment, and that Mayor Onunwor made no defamatory statements regarding plaintiff. The trial court subsequently granted summary judgment to defendants on all claims.
Plaintiff now appeals and assigns three errors for our review.
Plaintiff's assignments of error state:
 THE COMMON PLEAS COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT FAILED TO PRESENT SUFFICIENT EVIDENCE TO MEET ITS BURDEN TO ESTABLISH A PRIMA FACIE CASE OF DISCRIMINATORY TERMINATION AND RETALIATION.
 THE COMMON PLEAS COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE BASED ON FALSE AND PERJURIOUS DOCUMENTS AND PLEADINGS AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THE COMMON PLEAS COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT, PRO SE, AND VIOLATED HER CIVIL RIGHTS TO DUE PROCESS, DENYING HER THE OPPORTUNITY TO HAVE HER CLAIMS FULLY LITIGATED AND HEARD, (WHEN THE COURT DENIED HER MOTION FOR SUMMARY JUDGMENT BUT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT).
With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56 (C) of the Ohio Rules of Civil Procedure. North Coast Cable v. Hanneman (1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra, at 449.
Moreover, a trial court's award of summary judgment does not prejudice a litigant's due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. Cf. State ex rel. Cuyahoga County Hosp. v. Ohio Bureau of Workers' Comp. (1986),27 Ohio St.3d 25.
With regard to plaintiff's substantive claims, we note that an at will employment may be terminated at any time for any reason by either party. Henkel v. Council Education Research (1976), 45 Ohio St.2d 249. Prior notice or warning of work deficiencies is therefore not required. See, also, Doe v. Lodi Community Hospital (Dec. 13, 2000), Medina App. No. C.A. NO. 2955-M, unreported.
In this instance, defendants presented evidence that plaintiff was an at-will employee and therefore not entitled to prior notice or warning of work deficiencies.
As to plaintiff's claim of discrimination, we note that in order to establish a prima facie claim of discrimination, plaintiff was required to demonstrate that she was: 1) a member of a statutorily protected class (inter alia: aged forty or older, African-American, or female); 2) discharged; 3) qualified for the position; and 4) replaced by, or her discharge permitted the retention of, a person not belonging to the protected class. Byrnes v. WI Communication Holdings Co. (1996),77 Ohio St.3d 125.
In this instance, defendants demonstrated that plaintiff was replaced by another African-American female of the same age group, and she was terminated for being unable to perform the duties of her position. Plaintiff did not present documentary evidence within the meaning of Civ.R. 56(C) to create a genuine issue for trial.
We further note, with regard to plaintiff's claim under the Whistleblower statutes, that an employee claiming the protections of these provisions must strictly comply with the dictates of R.C. 4113.52. Contreras v. Ferro Corp. (1995), 73 Ohio St.3d 244, syllabus. R.C.4113.52 requires the employee to notify his or her supervisor or other responsible officer of his employer of the claimed violation and to later file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation. Pursuant to R.C. 4113.52(B), an employer may not take retaliatory action against the employee for having made such report. In Contreras, supra, the employee did not comply with R.C. 4113.52(A)(1)(a), because he did not orally notify his superior or other responsible officer of the corporation of the illegal inventory diversion, and because he did not provide his employer with a written report of the criminal activity until after he revealed his suspicions to outsiders, thereby denying his employer the opportunity to correct the illegal inventory diversion.
In this instance, as in Contreras, supra, the evidence provided by defendants and unrefuted by plaintiff, demonstrates that plaintiff presented notice of the claimed violation to an outsider following her termination. Defendants further demonstrated that plaintiff's letter of complaints, offered in support of her contention that she was terminated in violation of the Whistleblower provisions, actually post-dated her termination, thus defeating her claim. No evidence was presented, within the ambit of Civ.R. 56(C), to create a triable issue as to whether plaintiff complied with the requirements of R.C. 4113.52. Defendants were therefore properly awarded summary judgment as to this claim for relief.
Finally, a plaintiff claiming defamation, must present evidence that a plaintiff must show: "(1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the required degree of fault in publishing the statement." Pollock v. Rashid (1996),117 Ohio App.3d 361, 368.
Here, defendants demonstrated in compliance with the evidentiary requirements of Civ.R. 56(C) that no defamatory statements were made regarding plaintiff. In opposition, plaintiff failed to submit documentary evidence setting forth specific facts to show that there is a genuine triable issue as to this claim for relief.
In accordance with all of the foregoing, the trial court properly awarded defendants summary judgment on all of plaintiff's claims. Plaintiff's first and second assignments of error are therefore without merit.
Finally, in light of the absence of any genuine issues of material fact, the award of summary judgment to defendants did not violate plaintiff's rights to due process of law, cf. State ex rel. Cuyahoga County Hosp. v. Ohio Bureau of Workers' Comp., supra. Plaintiff's third assignment of error is therefore without merit.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.