NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0176n.06
Filed: December 17, 2004

Case No. 03-3782

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DOUGLAS HERRINGTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DAIMLERCHRYSLER CORPORATION, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff-Appellant Douglas Herrington appeals the district court's grant of Summary Judgment in favor of his employer, Defendant-Appellee DaimlerChrysler on Herrington's claim that DaimlerChrysler terminated his employment in violation of OHIO REV. CODE (ORC) § 4113.52(A)(1), Ohio's "whistleblower" statute. We AFFIRM the decision of the district court because ORC § 4113.52(A)(1)(a) is inapplicable in situations where the "whistleblower" has not alleged that his employer engaged in an illegal activity.

**I.**

DaimlerChrysler hired Herrington as an Occupational Safety and Health Supervisor for an automobile assembly plant ("the plant") located in Toledo, Ohio. Herrington was responsible for

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

managing the plant's safety program, including compliance with Occupational Safety and Health Administration ("OSHA") regulations. Pursuant to OSHA regulations, physicians working at the plant tracked work-related employee injuries and recorded this information on forms called "OSHA 200 Logs." DaimlerChrysler's safety personnel, who worked under Herrington's supervision, periodically reviewed these Logs to confirm that the listed injuries were work-related. When the physicians and safety personnel agree that an injury is not work-related, DaimlerChrysler's corporate policy permits the physicians to "line out," or strike, the incident from the OSHA 200 Logs.

In late 2001, DaimlerChrysler's management learned that man-hours in the plant were being over-reported, a mistake which artificially lowered the plant's injury incident rate ("IR"). DaimlerChrysler's management initiated an investigation in December of 2001, including a review by two health and safety employees of the plant's OSHA 200 Logs. They concluded that some recently lined-out incidents should be placed back on the OSHA Logs and reported as work-related injuries or illnesses. Herrington, whose job performance was measured in part by the plant's injury rate, disagreed with this conclusion. He met with his supervisor, Tom Maxon, who suggested that Herrington meet with OSHA officials to ask them whether or not the incidents in question should be lined out. In a January 14, 2002, meeting, the regional director of OSHA told the Appellant that the incidents in question did not need to be reported to OSHA and could therefore be lined out of the OSHA 200 Logs.

At Maxon's request, Herrington prepared a written report detailing his conversation with the OSHA director. After reviewing this report, DaimlerChrysler's management instructed Herrington to re-enter the incidents in question on the Log, explaining the company's intention to err on the side

2

of over-reporting accidents and illnesses, and to be consistent in its reporting practices from state to state. Herrington refused to follow this instruction, and his supervisors returned the incidents in question to the OSHA 200 Log.

During the course of the investigation into the man-hour and line-out issues, one of DaimlerChrysler's physicians, Dr. Wilson, reported that Herrington had threatened to fire him unless he lined out the incidents in question. DaimlerChrysler's investigation of that report confirmed that Herrington had, in fact, threatened Dr. Wilson and revealed as well that Herrington had threatened the job of another company physician and interfered with the work of Industrial Hygienist Don Crites. In light of this investigation, DaimlerChrysler terminated Herrington's employment on April 15, 2002, for lining out injuries and illness from the OSHA 200 Log in violation of company policy; threatening, intimidating, coercing, and harassing other employees; erroneously over-reporting man-hours in the IR calculation for December of 2001; and attempting to interfere with DaimlerChrysler's investigation.

Herrington filed a complaint against DaimlerChrysler in state court in Ohio, alleging that DaimlerChrysler violated Ohio's "whistleblower" statute, OHIO REV. CODE § 4113.52, by discharging him in retaliation for his meeting with OSHA officials. DaimlerChrysler removed the case to the United States District Court for the Northern District of Ohio and moved for summary judgment. Relying on Ohio Supreme Court authority, the district court construed the statute as requiring an employee to provide the employer with both written and oral notice before "blowing the whistle" to outside authorities, and granted summary judgment in favor of DaimlerChrysler because Herrington did not submit a written report to any representative of DaimlerChrysler before his January 14, 2002, meeting with OSHA.

3

**II.**

We review a district court's grant of summary judgment de novo. *EEOC v. University of Detroit*, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record, and all inferences that can be drawn from those facts, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1985) (quoting FED. R. CIV. P. 56(e)). Since this court's jurisdiction in the instant case is founded in diversity, we apply the substantive law of Ohio. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

We think it was unnecessary for the district court to reach the issue of whether Herrington's failure to submit a report to DaimlerChrysler before his January 2002 meeting with OSHA satisfied the complex reporting sequence required by OHIO REV. CODE § 4113.52(A)(1)(a). As we shall explain, we conclude that the protections of Section 4113.52 are simply not available to Herrington under the plain language of the statute, and for that reason, summary judgment in favor of DaimlerChrysler is appropriate.

Section 4113.52(B) of the Ohio Revised Code prohibits employers from taking "any disciplinary or retaliatory action against an employee for making any report authorized by" section

4

4113.52(A)(1). Section 4113.52(A)(1)(a) of the Ohio Revised Code provides:

> If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with the supervisor or officer a written report that provides sufficient detail to identify and describe the violation. If the employer does not correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the report, whichever is earlier, the employee may file a written report that provides sufficient detail to identify and describe the violation with the prosecuting authority of the county or municipal corporation where the violation occurred, with a peace officer, with the inspector general if the violation is in the inspector general's jurisdiction, or with any other appropriate public official or agency that has regulatory authority over the employer and the industry, trade, or business in which the employer is engaged.

Herrington complains that DaimlerChrysler terminated his employment because he reported to OSHA that DaimlerChrysler had violated OSHA regulations. Paragraph 4 of the complaint alleges that Herrington "became aware of a violation of the Occupational Safety and Health Act." Herrington testified in his deposition that the offense described in this paragraph is DaimlerChrysler's allegedly criminal over-reporting of work-related injuries, and he repeats this assertion in his brief on appeal.

In order to establish a prima facie case for retaliatory discharge, Herrington is required to demonstrate, *inter alia*, that he engaged in activity which would bring him under the protection of OHIO REV. CODE § 4113.52. *See Wood v. Dorcas*, 757 N.E.2d 17, 23 (Ohio Ct. App. 2001). Section 4113.52(A)(1)(a) applies when "an employee becomes aware in the course of the employee's employment of *a violation* of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct . . . ." (Emphasis added). To

5

invoke the protections of Section 4113.52(A)(1)(a), a "whistleblower" must become aware of an "illegal activity by either the employer or a co-employee." *Wing v. Anchor Media, Ltd. of Texas*, 570 N.E.2d 1095, 1100 (Ohio 1991); *see also Contreras v. Ferro Corp.,* 652 N.E.2d 940, 942-4 (Ohio 1995).

We conclude, however, that DaimlerChrysler's alleged over-reporting on the OSHA 200 Logs did not constitute a violation of any statute, ordinance or regulation. OSHA requires certain employers to record work-related injuries or illnesses that result in either death, time away from work, restricted work or transfer to another job, medical treatment, loss of consciousness, or the diagnosis of a serious physical injury by a medical professional. 29 C.F.R. § 1904.4(a); 29 C.F.R § 1904.7(a); *see also* 3 ADVISING SMALL BUSINESSES § 42:7 (2004). Title 29 of the Code of Federal Regulations contains no penalty for employers who over-report instances of work-related injuries or illness in their OSHA Logs, and we decline to read into the regulations a penalty on over-reporting. Such a penalty would impose an unreasonably stringent duty on employers to maintain an absolutely perfect record of work-related injuries and would inhibit employers from fully disclosing instances of work-related injuries or illness in direct contravention of Section 1904's stated intent to "require employers to record and report work-related fatalities, injuries and illnesses." 29 C.F.R. § 1904.0.

Herrington attached to his memorandum in opposition to DaimlerChrysler's Motion for Summary Judgment an OSHA Notice which suggests that OSHA does not view as a violation of its regulations over-reporting of work-related injuries by employers who err on the side of caution. This Notice, which establishes the OSHA procedures for auditing information submitted by an employer in an OSHA 200 Log, states that "[e]mployers shall not be cited for over reporting of

cases. The employer shall be informed of such over reporting and the need to eliminate these identified cases on the employer's OSHA 200 Log." United States Dept. of Labor OSHA Notice 00-07 (CPL 2) (December 8, 2000).

We conclude that Herrington has failed to allege a violation of any statute, ordinance, or regulation, and he has therefore failed to establish a prima facie case of retaliatory discharge under the Ohio statute. The district court's order granting summary judgment to DaimlerChrysler is **AFFIRMED**.