NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0094n.06

No. 19-3877

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| HELEN YOUNGBLOOD, | ) | **FILED** |
| Plaintiff-Appellant, | ) | Feb 17, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| BOARD OF COMMISSIONERS OF | ) | THE NORTHERN DISTRICT OF |
| MAHONING COUNTY, OHIO, et al., | ) | OHIO |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE:     MOORE, ROGERS, and READLER, Circuit Judges.

ROGERS, Circuit Judge.  Helen Youngblood asserts that defendants' hiring practices were discriminatory.  On behalf of a putative class of persons eligible for employment or advancement at the Mahoning County Department of Job and Family Services, Youngblood raises due process and equal protection claims under the Constitution, as well as a Title VII disparate impact racial discrimination claim.  Youngblood, in her individual capacity, also asserts a violation of the Ohio Whistleblower Protection Act, claiming that defendants retaliated against her when she reported her concerns about the Department's hiring practices.  The district court dismissed the case, and this appeal primarily concerns two discrete questions:  (1) whether Youngblood can avail herself of whistleblower protections under Ohio law, and (2) whether the district erred by denying Youngblood leave to amend her complaint.  Because Youngblood did not strictly comply with the provisions of the Ohio whistleblower law, the district court properly dismissed Youngblood's retaliation claim.  The district court also acted well within its discretion when it did not permit

Youngblood to amend her complaint because she had failed to show how she could cure her pleading deficiencies.

Youngblood is an African American employee of the Mahoning County Department of Job and Family Services, a subdivision of the State of Ohio. She also serves as an official representative of the relevant collective bargaining unit. Youngblood alleges that, during a sixty-month period, the director of the Department of Job and Family Services made a series of promotional appointments without first posting the positions and hired individuals who did not have the necessary qualifications. According to Youngblood, this is part of a pattern of "cronyism, patronage, and racial discrimination" in the Department's hiring practices—one that disproportionately impacts Black employees, who "are less likely to have the political and patronage network available to enable them to receive [such] preferential treatment."

In August 2017, Youngblood brought a putative class action against the Department and the Mahoning County Board of Commissioners asserting that the hiring practices were actionable "under 42 U.S.C. [§] 1983 and the Fourteenth Amendment Due Process Clause." The complaint alleged only that promotional appointments were made without prior posting; that those who were promoted were unqualified; and that such practices were a custom in the county and violated the "federally protected property interests" of Youngblood and the putative class. After defendants moved to dismiss, Youngblood moved for leave to file an amended complaint and attached a proposed amended complaint. The district court granted Youngblood's motion. This complaint added an equal protection claim but offered no new factual allegations—only the conclusory assertion that the allegedly unlawful hiring practices were racially discriminatory. Defendants again moved for dismissal. While the motion to dismiss was being briefed, the parties stipulated to the voluntary dismissal of the action without prejudice, and the court closed the case.

In early 2019, Youngblood filed the complaint in this case, which was based on the same alleged misconduct as that in the 2017 case. Youngblood expanded the class period and named new defendants: Robert Bush, the director of the Department who made the hiring decisions at issue here, and Melissa Wasko, a program administrator. In addition to the previously asserted due process and equal protection claims, Youngblood also raised a racial discrimination claim under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*, and one claim she characterizes as respondeat superior (to hold the Commissioner Defendants and Mahoning County liable for the alleged discrimination). Youngblood also separately raised an individual claim against Bush and Wasko under the Ohio Whistleblower Protection Act, Ohio Rev. Code Ann. § 4113.52. Specifically, she claimed that after she alerted Bush and Wasko that she believed the Department had violated Ohio law, they responded by "engag[ing] in an unlawful campaign of intimidation, disciplinary action and retaliation against [her]."

Youngblood's complaint offered no additional details about the hiring practices. Relying "[o]n information and belief," Youngblood alleged only that the director of the Department made promotional appointments without prior posting and hired unqualified recipients, which disadvantaged similarly situated Black employees. Youngblood provided no information about the employees who were hired under these practices or their qualifications. Nor did she identify the eligible Black employees who were disproportionately impacted by the Department's hiring practices. The district court dismissed the complaint with prejudice for failure to state a claim.

The court's opinion explained that Youngblood failed to specify whether her due process claim was substantive or procedural but reasoned that, either way, the claim failed because Youngblood did not identify a protected property interest and did not plead that the state's available post-deprivation remedies were inadequate. The district court also explained that

Youngblood's equal protection claim failed because Youngblood did not allege defendants acted with discriminatory intent or purpose. The Title VII claim was deficient in part because Youngblood failed to identify positions awarded under the hiring practices and to plead facts "showing that the alleged policy had *any* negative effect on the protected class, let alone a *disproportionate* effect." Finally, the district court dismissed Youngblood's claim under the Ohio Whistleblower Protection Act because Youngblood did not report a covered offense, and she did not do so in writing, as required by the statute. Throughout its opinion, the court emphasized that the complaint was scant and devoid of factual allegations. The court denied Youngblood's request to amend her complaint because she failed to attach a proposed amended complaint or explain how she could cure any pleading deficiencies. Youngblood appeals, arguing that the district court erred in dismissing her whistleblower claim and that she should have been permitted to amend her complaint.

The district court correctly held that Youngblood did not qualify as a whistleblower under Ohio law. Youngblood neither alleged that she reported the type of offense covered by the Ohio Whistleblower Protection Act nor that she did so in writing. Her failure to do so means she did not strictly comply with the statute's provisions and therefore cannot avail herself of its protections. We review a district court's grant of a motion to dismiss de novo. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020).

Youngblood alleges that she "report[ed] to Defendants Bush and Wasko violations of Ohio law concerning hiring, promotion and terminations within [the Department]." Such generalized allegations of misconduct are insufficient for protection under the whistleblower law. According to the statute, which lays out protected activities:

> If an employee becomes aware in the course of the employee's employment of a
> violation of any state or federal statute . . . that the employee's employer has

> authority to correct, and the employee reasonably believes that the violation is a *criminal offense* that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety, a felony, or an improper solicitation for a contribution, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation *and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.*

Ohio Rev. Code Ann. § 4113.52(A)(1)(a) (emphasis added).[1] As the district court pointed out, nothing in Youngblood's complaint suggests that she believed the alleged misconduct she reported was a criminal offense likely to cause physical harm, a felony, or improper solicitation. Youngblood does not even address this on appeal.

Youngblood also failed to communicate in writing the details of the allegedly unlawful conduct. She maintains that, contrary to the plain text, the statute does not contain a written-report requirement. Youngblood cites no other Ohio statutory provisions or Ohio cases declining to enforce the clear requirement that a whistleblower must provide a written report that details the alleged violation. (Indeed, Youngblood does not allege that she provided her employers with *any* details, only that she informed them that she believed that their hiring practices violate Ohio law.) She relies on *Crawford v. Metropolitan Government of Nashville & Davidson County*, 555 U.S. 271, 277–78 (2009), but that case is inapposite because it addresses Title VII requirements and not the Ohio whistleblower law. The Ohio Supreme Court has emphasized that "for an employee to be afforded protection as a 'whistleblower,' such employee must strictly comply with the dictates of [§] 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute." *Contreras v. Ferro Corp.*, 652 N.E.2d 940, 946 (Ohio 1995). The Ohio Supreme

---

[1] Youngblood alleges that her whistleblower claims are "brought under § 4113.52," but she does not cite a specific subsection. The district court referred to § 4113.52(A)(3) in its opinion, while defendants appear to assume Youngblood argues her claim fell under § 4113.52(A)(1)(a)—a contention Youngblood does not rebut. Regardless, Youngblood cannot claim protection under any of the relevant subsections: Section 4113.52(A)(2) also requires a violation of one of several specific provisions of the Ohio Code "that is a criminal offense," while § 4113.52(A)(3) relates to reports of criminal violations committed by fellow employees, and it also requires a written report.

Court has also refused to extend whistleblower protections where there was "no written report in the record," where an alleged report failed to "sufficiently identif[y] and describe[] any crimes," and where the alleged report was untimely. *Lee v. Village of Cardington*, 33 N.E.3d 12, 16 (Ohio 2014). Youngblood's failure to allege that she reported her concerns in writing and her failure to allege that she provided the necessary details are thus fatal to her whistleblower claim.

As for Youngblood's other claim, the district court did not abuse its discretion when it denied Youngblood's request for leave to amend her complaint. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008) (providing standard of review). To begin with, Youngblood did not file a motion for leave to amend. Instead, in her opposition to the motion to dismiss, she briefly noted that, "[i]n the event the Court believes the Complaint is insufficient in any respect, Plaintiff requests leave to file an amended Complaint." Federal Rule of Civil Procedure 15 provides that leave to amend should be "'freely give[n]' when justice so requires," Fed. R. Civ. P. 15(a)(2), and we typically "manifest[] 'liberality in allowing amendments to a complaint,'" *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (citations omitted)). We "disfavor," however, a "bare request [to amend a complaint] in lieu of a properly filed motion." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)), *abrogated on other grounds by Frank v. Dana Corp.*, 646 F.3d 954 (6th Cir. 2011). Such a request—almost an afterthought—which provides no "indication of the particular grounds on which amendment is sought[,] does not constitute a motion within the contemplation of [Federal Rule of Civil Procedure] 15(a)." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *PR Diamonds*, 364 F.3d at 699); *see also La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010); *Begala*, 214 F.3d at 784 (6th Cir. 2000).

Even if the liberal Rule 15 standard applied here in the absence of a formal motion, the district court still had no way of concluding that justice required allowing Youngblood to amend her complaint. Youngblood did not so much as "hint[] as to how an amended complaint could potentially cure the pleading deficiencies." District courts do not abuse their discretion when movants do not present "facts to aid the court" in determining whether justice requires granting leave to amend. *Beydoun*, 871 F.3d at 469 (quoting *PR Diamonds*, 364 F.3d at 699). As we explained in *Roskam Baking Co. v. Lanham Machinery Co.*, "implicit in [Rule 15] is that the district court must be able to determine whether 'justice so requires' and in order to do this, the court must have before it the substance of the proposed amendment." 288 F.3d 895, 906 (6th Cir. 2002); *see also United States ex rel. Harper v Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018). Even in her brief on this appeal, Youngblood does not indicate what additional allegations would bolster her asserted constitutional and Title VII claims. Here, as in *Beydoun*, Youngblood's continued failure to show how an amended complaint can survive dismissal renders her appeal meritless. *See Beydoun*, 871 F.3d at 470.

What is more, Youngblood had brought very similar claims alleging the same misconduct in her 2017 action. There, she was given the opportunity to amend her complaint, which she did before voluntarily dismissing the action. Even under the Rule 15 standard, the district court retains discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is particularly true here. This 2019 complaint was Youngblood's third attempt to advance claims related to the Department's

allegedly discriminatory hiring practices, and Youngblood has shown a recurring inability to bolster her legal conclusions with concrete factual allegations.

Finally, to the extent that Youngblood seeks to appeal the district court's dismissal of her equal protection and Title VII claims, she has forfeited those claims. In the background and summary of the argument sections of her brief, Youngblood cursorily argues that the district court erred in concluding her complaint failed to state an equal protection or Title VII claim because her allegations were "sufficient to overcome the district Court conclusion [sic] there was no allegation of racism." She does not explain, however, *how* the district court erred. Nor does she cite any relevant authority indicating why the district court's reasoning was flawed. We need not consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000) (quoting *United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir.1999)).[2] We have emphasized that a party cannot simply "mention a possible argument in the most skeletal way"— as Youngblood does here—"leaving the court to . . . put flesh on its bones." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 n.9 (6th Cir. 2014) (omission in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). We therefore do not consider the merits of any remaining claims.

The judgment of the district court is affirmed.

---

[2] The court in *Indeck* concluded that such arguments are deemed waived. We have observed that we have often used "forfeiture" and "waiver" interchangeably, but they are distinct concepts. *See, e.g.*, *Brenay v. Schartow*, 709 F. App'x 331, 336 n.1 (6th Cir. 2017). Here, Youngblood's failure to explain how the district court erred in dismissing the equal protection and due process claims is likely forfeiture, *see id.* at 336–37, but regardless, we need not address such arguments.