HANEY, Appellant,

v.

CHRYSLER CORPORATION, Appellee.

[Cite as *Haney v. Chrysler Corp.* (1997), 121 Ohio App.3d 137.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–330.

Decided July 3, 1997.

*Thomas A. Sobecki,* for appellant.

*John T. Landwehr,* for appellee.

———————

HANDWORK, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to defendant-appellee, Chrysler Corporation. Plaintiff-appellant, Gary A. Haney, brings an appeal and raises the following assignments of error:

"I. The trial court committed substantial, prejudicial and reversible error in holding that appellant did not reasonably believe that appellee's conduct was a criminal offense likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety under Ohio's whistle–blower statute.

"II. The trial court committed substantial, prejudicial and reversible error in holding that appellant did not make the required report under Ohio's whistle-blower statute.

"III. The court committed substantial, prejudicial and reversible error in holding that the discipline appellant received was not in retaliation for his whistleblowing under Ohio's whistleblower statute."

The undisputed facts pertinent to this appeal are that appellant began to work in appellee's Toledo Jeep plant in August 1973. Appellant testified in his deposition that he first became concerned in 1993 that appellee was in violation of R.C. 4101.11, which states that an employer has a duty to provide a safe workplace for employees. Between 1994 and 1995, appellant made several oral notifications about specific equipment defects that he believed would constitute a violation of R.C. 4101.11 by appellee. Appellant further testified, however, that all of these concerns were eventually corrected by appellee. In addition, appellant made many oral notifications of safety issues concerning the general overall safety of his work area, which were not corrected by appellee. In both instances these oral notifications were made to one or all of the following people: his immediate supervisor, the supervisor of the work area, the union steward, or to someone who was involved in plant safety.

Throughout this time period, appellant also wrote several letters voicing his concerns for safety and various matters. These letters were written to James Carmichael, senior staff manager of union relations and assembly operations for appellee. Appellant believed these letters, along with the oral reports, led to appellant's being further disciplined.

During the time that appellant was reporting safety issues, he was disciplined three times. The discipline consisted of a written warning, a three-day suspen-

sion, and a ten-day suspension. Appellant testified that he was disciplined in retaliation for his continuous reports of safety violations, and therefore that appellee is in violation of R.C. 4113.52.

An appellate court reviews summary judgment by applying the same criteria as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

We will consider appellant's second assignment of error first. R.C. 4113.52(A)(1)(a) states in part that "the employee orally shall notify his supervisor or other responsible officer of his employer of the violation *and subsequently* shall file with that supervisor or officer a written report that provides *sufficient detail* to identify and describe the violation." (Emphasis added.)

First, appellant failed to comply with the statute because his written reports were not made to the same individual to whom he made the oral reports. R.C. 4113.52(A)(1)(a) specifically states that the subsequent filing of the written report should be filed with *that* supervisor or officer who received the oral notifications. Appellant made several oral notifications of alleged safety violations to his supervisor, the supervisor of his work area, the union steward, and a member of the plant safety personnel, but never to Carmichael. In fact, appellant's first contact with Carmichael was through the letters appellant sent. Appellant's supervisor, Mike Johnson, attested that he had no knowledge of the letters appellant sent to Carmichael.[1]

Second, appellant failed to comply with the statute because the written reports (the four letters sent to Carmichael) lack sufficient detail to identify and describe a specific safety violation. The letters appear to be more related to appellant's unhappiness with his work environment and problems with management than reporting safety violations. Even if we assume *arguendo* that the written reports contained sufficient detail, there still is no correlation between the contents of the written and oral reports. The oral reports concerned the condition of appellant's equipment and the general safety of his work area. Conversely, the written reports discuss issues of safety records between first and second shift, appellant's ability to do his job ("carry his weight"), appellant's submission of suggestions for

---

1. Furthermore, R.C. 4113.52(A)(1)(a) requires the reports to be made to a supervisor or other *responsible* officer of the employer. Carmichael testified in his deposition that his primary responsibility was in the area of labor relations. Neither Carmichael's deposition nor any other evidence demonstrates that Carmichael is responsible for safety in any way. Thus, sending the written reports to Carmichael was not sending them to a responsible person as required by R.C. 4113.52(A)(1)(a).

improvement, appellant's problems with management, and his grievances about his discipline.

The statute requires the filing of a written report following the oral notification to provide the supervisor or responsible person with a written account of the alleged violation so that it may be better identified and corrected. Appellant's oral and written reports failed to provide appellee with the information it needed to correct a safety violation.

In *Contreras v. Ferro Corp.* (1995), 73 Ohio St.3d 244, 652 N.E.2d 940, the Supreme Court of Ohio stated that to be afforded protection as a whistleblower, the employee must strictly comply with the dictates of R.C. 4113.52. Because appellant failed to file a report in the manner prescribed in R.C. 4113.52(A)(1)(a), we hold that he is not a protected whistleblower. Appellant's second assignment of error is not well taken.

As a result of our holding as to appellant's second assignment of error, his first and third assignments of error are rendered moot, and we need not reach the merits of those assignments of error. We find that the trial court properly granted appellee's motion for summary judgment.

On consideration whereof, this court finds that the trial court did not commit error prejudicial to appellant, and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., and SHERCK, J., concur.