**Douglas HERRINGTON, Plaintiff**

v.

**DAIMLERCHRYSLER CORP., Defendant**

No. 3:02–CV–7403.

United States District Court,
N.D. Ohio,
Western Division.

May 2, 2003.

Dennis P. Strong, Sylvania, for Douglas Herrington, OH, Plaintiff.

Carrie L. Sponseller, Eastman & Smith, John T. Landwehr, Eastman & Smith, Toledo, OH, for DaimlerChrysler Corp., Defendant.

## ORDER

CARR, District Judge.

Plaintiff Douglas Herrington brings this case against defendant DaimlerChrysler Corp. claiming termination in violation of O.R.C. § 4113.52(A)(1). This court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has filed a motion for summary judgment. For the following reasons, defendant's motion shall be granted.

## BACKGROUND

In October, 1999, defendant DaimlerChrysler, a Delaware corporation with its principal place of business in Michigan, hired plaintiff, an Ohio resident, as a Health and Safety Supervisor for defendant's Toledo North Assembly Plant in Toledo, Ohio. Plaintiff was an at-will employee.

The physicians working at the plant maintained computerized OSHA 200 logs to track employees' illnesses and injuries. Defendant's safety personnel periodically reviewed the logs to determine whether the recorded illnesses and injuries were work-related. If they were not work-related, the safety personnel asked the physicians to "line out," or strike, the incidents from the logs. OSHA regulations specify whether an incident is recordable on an OSHA 200 log, and defendant's corporate policy specifies whether an incident may be lined out. The physicians were the only employees who could line out a logged incident. The defendant's physicians and safety personnel had to agree that an incident should be lined out before it could be

lined out. Periodically, they disagreed about whether an incident should have been lined out.

In late 2001, defendant's management learned that man-hours in the Toledo North plant were being over-reported, a mistake which was artificially lowering the plant's injury incident rate. As a part of the ensuing investigation, two of defendant's health and safety employees reviewed the plant's OSHA 200 logs in December, 2001. These employees concluded that some recently lined-out incidents should be placed back on the OSHA logs and reported as work-related illnesses or injuries.

Plaintiff learned about this review and disagreed with the two employees. He believed that these incidents should remain lined out, because he did not believe defendant was required to report them as work-related illnesses or injuries. Plaintiff discussed the matter with his supervisor, Senior Manager of Human Resources Tom Maxon. Maxon suggested that plaintiff meet with OSHA officials to ask them whether or not the incidents in question should be lined out. Plaintiff met with the regional director of OSHA on January 14, 2002.

The regional director of OSHA told plaintiff that the incidents could be lined out, and did not need to be reported to OSHA. Plaintiff reported the regional director's opinion to Maxon. At Maxon's request, plaintiff prepared a written report for Maxon, documenting these events.

After receiving the plaintiff's report, defendant's management told plaintiff that he still should not line out the incidents in question. Defendant's management claimed it wanted to err on the side of over-reporting accidents and illnesses, and that it wanted to be consistent in its reporting practices from state to state. Plaintiff, nonetheless, refused to return the disputed incidents to the OSHA log.

During defendant's investigation of the line-out disagreement, one of the defendant's physicians, Dr. Wilson, reported that plaintiff had told him that unless he lined out the incidents in question, plaintiff would have Maxon fire him. The company investigated these threats, and confirmed them. The company also found that plaintiff threatened the job of Dr. Marianne Olynyk, and interfered with the work of Industrial Hygienist Don Crites. As a result of the investigation, on April 15, 2002, plaintiff was terminated for: 1) failure to follow Corporate Health and Safety medical procedure when lining out cases from the OSHA log; 2) threatening, intimidating, coercing, harassing, retaliating or abusive language to others; 3) erroneously adding 94,481 man-hours into the incident rate calculation for December, 2001; and 4) attempting to interfere with the investigation.

Plaintiff filed a complaint against defendant in the Lucas County Court of Common Pleas, alleging termination in violation of O.R.C. § 4113.52(A)(1). Defendant removed the case to the Northern District of Ohio based on diversity. Defendant filed a motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who

"must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(quoting Fed.R.Civ.P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

In deciding the motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be construed in the light most favorable to the non-moving party, and all reasonable inferences will be drawn in the non-moving party's favor. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## DISCUSSION

■■■ In Ohio, absent an employment contract, an employee is an employee at will and may be terminated at any time for any lawful reason or for no reason at all. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 103, 483 N.E.2d 150 (1985). An at-will employee may not be discharged or disciplined for reasons violative of a stat-ute or public policy. *Greeley v. Miami Valley Maint. Contractors*, 49 Ohio St.3d 228, 234, 551 N.E.2d 981 (1990). Ohio's whistleblower statute gives a statutory cause of action to those employees who are discharged or disciplined for acts protected by its provisions. O.R.C. § 4113.52(D).

Plaintiff alleges that defendant retaliated against him for reporting wrongdoing by the company, as described at O.R.C. § 4113.52(A)(1).

O.R.C. § 4113.52(A)(1) provides:

(a) If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation. If the employer does not correct the violation or make a reasonable and good faith effort to correct the violation within twenty-four hours after the oral notification or the receipt of the report, whichever is earlier, the employee may file a written report that provides sufficient detail to identify and describe the violation with the prosecuting authority of the county or municipal corporation where the violation occurred, with a peace officer, with the inspector general if the violation is within the inspector general's jurisdiction, or with any other appropriate public official or agency that has regulatory authority over the em-

ployer and the industry, trade, or business in which the employer is engaged. (b) If an employee makes a report under division (A)(1)(a) of this section, the employer, within twenty-four hours after the oral notification was made or the report was received or by the close of business on the next regular business day following the day on which the oral notification was made or the report was received, whichever is later, shall notify the employee, in writing, of any effort of the employer to correct the alleged violation or hazard or of the absence of the alleged violation or hazard.

O.R.C. § 4113.52(B) states, in relevant part:

[N]o employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(1) ... or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under either such division.

Under that section, "disciplinary or retaliatory action" includes "removing or suspending the employee from employment." O.R.C. § 4113.52(B)(1).

■ To establish a prima facie case under the whistleblower statute, a plaintiff must show: 1) he engaged in activity protected by the statute; 2) he was subject to an adverse employment action; and 3) there was a causal link between the protected activity and the adverse employment action. *Wood v. Dorcas*, 142 Ohio App.3d 783, 791, 757 N.E.2d 17 (2001). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. *Id.* If the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason was pretextual. *Id.* at 791–92, 757 N.E.2d 17 (*citing Chandler v. Empire*

*Chem.*, 99 Ohio App.3d 396, 400, 650 N.E.2d 950 (1994).

Defendant argues that plaintiff did not engage in activity protected by § 4113.52(A)(1) because he did not give written notice to his employer before contacting OSHA. I agree that plaintiff has failed to meet the first element of the prima facie case, because he did not engage in activity protected by the Ohio whistleblower statute.

■ "[I]n order for an employee to be afforded protection as a 'whistleblower,' such employee must strictly comply with the dictates of R.C. 4113.52. Failure to do so prevents the employee from claiming the protections embodied in the statute." *Contreras v. Ferro Corp.*, 73 Ohio St.3d 244, 251, 652 N.E.2d 940 (1995).

The whistleblower statute provides that "the employee orally shall notify his supervisor or other responsible officer of his employer of the violation and *subsequently* shall file with that supervisor or officer a *written* report that provides sufficient detail to identify and describe the violation." O.R.C. § 4113.52(A)(1)(a) (emphasis added). It continues: "If the employer does not correct the violation ... within twenty-four hours *after* the oral notification or the receipt of the report ... the employee may file a *written* report [with outside authorities]." *Id.* (emphasis added); *see also Contreras*, 73 Ohio St.3d at 248, 652 N.E.2d 940 (requiring whistleblowing employees to prove the following before informing outside authorities: 1) the employee provided the required oral notification to the employee's supervisor or other responsible officer or the employer; 2) the employee filed a written report with the supervisor or other responsible officer; and 3) the employer failed to correct the violation or make a reasonable and good faith effort to correct the violation).

In *Contreras,* the Ohio Supreme Court found that the employee did not comply with § 4113.52(A)(1)(a) because he did not report the criminal activity to his employer, orally or in writing, until *after* he revealed the activity to outsiders. 73 Ohio St.3d at 249, 652 N.E.2d 940. Because an employee must provide the employer with both written and oral notice before "blowing the whistle" to outside authorities, the employee in *Contreras* could not claim whistleblower status. 73 Ohio St.3d at 251, 652 N.E.2d 940. *See also Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 140–42, 677 N.E.2d 308 (1997) (employee's failure to provide written report to employer before notifying authorities was fatal to claim under § 4113.52(A)(1)).

In this case, plaintiff orally notified his supervisor, Tom Maxon, that he believed certain incidents should be lined out of the OSHA 200 logs. At Maxon's request, plaintiff then *verbally* asked the OSHA regional director about the dispute, and *then* plaintiff submitted a written report to Maxon to inform him of OSHA's position on the matter. This series of events does not comply with § 4113.52(A)(1). There is no evidence in the record showing that plaintiff submitted a written report to any representative of the defendant *before* his January 14, 2002, meeting with OSHA, and there is no evidence that plaintiff submitted a written report to OSHA. Consequently, plaintiff did not "strictly comply with the dictates of R.C. 4113.52," *Contreras,* 73 Ohio St.3d at 244, 652 N.E.2d 940, and defendant's motion for summary judgment must be granted. *See Jamison v. Am. Showa, Inc.,* No. 99–CAE–03–014, 2000 WL 1404, *6, 1999 Ohio App. LEXIS 6212, at * 17 (December 16, 1999) ("[T]he fact appellant filed a report with the United States EPA without having notified [employer] both orally and in writing concerning the alleged environmental violations is fatal to his claim for protection under R.C. 4113.52(A)(1)."); *see also Ars-ham–Brenner v. Grande Point Health Care Community,* No. 74835, 2000 WL 968790, *3, 2000 Ohio App. LEXIS 3164, at **13–14 (July 13, 2000) (same); *Poluse v. City of Youngstown,* 135 Ohio App.3d 720, 727, 735 N.E.2d 505 (1999) (same); *Haney v. Chrysler Corp.,* 121 Ohio App.3d 137, 139–40, 699 N.E.2d 121 (1997) (same).

### CONCLUSION

Because plaintiff did not strictly adhere to the notice requirements of O.R.C. § 4113.52(A)(1), he cannot claim the protection of the Ohio whistleblower statute.

It is, therefore, ordered that:

Defendant's motion for summary judgment be, and hereby is, granted.

So ordered.