**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0812n.06
Filed: October 4, 2005

**No. 04-4156**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOYCE DAVIS,                                  )
                                              )
    Plaintiff-Appellant,                  )
                                              )
v.                                            )  ON APPEAL FROM THE UNITED
                                              )  STATES DISTRICT COURT FOR THE
MARRIOTT INTERNATIONAL, INC.,                 )  SOUTHERN DISTRICT OF OHIO
                                              )
    Defendant-Appellee.                   )

Before: NELSON and SUTTON, Circuit Judges; ZATKOFF, District Judge.[*]

SUTTON, Circuit Judge. Joyce Davis, a discharged employee of Marriott International, seeks review of the district court's refusal to let her amend her complaint against the company to include a claim under O.R.C. § 3721.24, which prohibits retaliation against employees who report abuse in a residential nursing home. Because state-court cases construing the provision require the claimant to have complained about the abuse to the relevant state agency (rather than only to her employer), because her amended complaint fails to allege that she reported any abuse to Ohio Department of Health officials and because her proposed amendment under these circumstances would be futile, we affirm.

---

[*]The Honorable Lawrence P. Zatkoff, Senior District Judge for the Eastern District of Michigan, sitting by designation.

I.

On June 3, 2002, Davis was hired to be the general manager of MapleRidge, an assisted living facility in Clayton, Ohio, owned by Marriott International. Davis was tasked with administration and oversight of the operations and policies of the facility. Upon assuming her position, Davis reviewed the current condition of the facility, after which she told her superior, Area General Manager Robert Peters, about multiple concerns she had regarding the care of residents. Over the course of her tenure as general manager, Davis kept Peters as well as other senior Marriott personnel "apprised of the ongoing concerns and safety risks associated with the care of the residents at MapleRidge." JA 116.

In December 2002, Marriott spoke to Davis about improving her performance as manager of the facility and developed an improvement plan for her.

On March 24, 2003, Marriott discharged Davis, claiming she had failed to meet the goals outlined in her performance plan. In response, Davis filed a lawsuit in the Ohio Court of Common Pleas, claiming wrongful termination in violation of public policy under O.R.C. § 3721 and wrongful termination as a result of sexual discrimination under O.R.C. § 4112.99. Marriott removed the case to federal district court on diversity grounds and moved for summary judgment. In responding to Marriott's motion, Davis "voluntarily and affirmative dismiss[ed]" her sexual-discrimination charge and, pointing to *Dolan v. St. Mary's Memorial Home*, 794 N.E.2d 716 (Ohio Ct. App. 2003), essentially admitted that her claim for wrongful discharge in violation of public policy failed as a

matter of law. JA 112 ("*Dolan* may arguably dispose of Plaintiff's first, and only remaining, cause of action"). Along with this response, Davis filed a motion for leave to amend her complaint to assert a retaliatory-discharge claim under O.R.C. § 3721.24, the Ohio whistleblower protection provision for nursing home staff.

In granting the motion for summary judgment, the district court concluded that Davis had "dismiss[ed] her claim of sexual discrimination, and . . . implicitly admit[ted] that the cases of *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 531 (Ohio 2002) and [*Dolan*] render her violation of public policy claim unsustainable." D. Ct. Op. at 1. In denying the motion to amend, the court reasoned that a retaliatory-discharge claim under § 3721.24 requires the plaintiff to report the abuse to the Ohio Director of Health. D. Ct. Op. at 3 (citing *Arsham-Brenner v. Grande Point Health Care Community*, No. 74835, 2000 WL 968790, at *6 (Ohio Ct. App. July 13, 2000)). Noting that Davis had never alleged that she reported any of her concerns to individuals outside of the company, the court concluded that the motion to amend should be denied because Davis could not make out a claim under § 3721.24 and thus the proposed amendment would be futile. On appeal, Davis challenges the district court's resolution of her leave-to-amend motion.

II.

The district court premised its denial of Davis's motion for leave to amend her pleadings on a legal interpretation, namely its construction of § 3721.24. We accordingly give de novo review to the decision. *Hahn v. Star Bank*, 190 F.3d 708, 715–16 (6th Cir. 1999).

O.R.C. § 3721.24 states in relevant part:

> No person or government entity shall retaliate against an employee or another individual used by the person or government entity to perform any work or services who, in good faith, makes a report of suspected abuse or neglect of a resident or misappropriation of the property of a resident; indicates an intention to make such a report; provides information during an investigation of suspected abuse, neglect, or misappropriation conducted by the director of health; or participates in a hearing conducted under section 3721.23 of the Revised Code or in any other administrative or judicial proceedings pertaining to the suspected abuse, neglect, or misappropriation.

O.R.C. § 3721.24(A) (2005). To receive protection under the provision, both parties agree, claimants must show (1) that they engaged in protected activity, (2) that they were subjected to an adverse employment action and (3) that there was a causal link between the two. *See Dolan*, 794 N.E.2d at 721; *Neal v. Hamilton County*, 622 N.E.2d 1130, 1136 (Ohio Ct. App. 1993). What divides the parties is whether Davis's conduct amounted to protected activity. Davis takes the position that by reporting the conditions at MapleRidge to her supervisors, she engaged in protected activity. Marriott takes the position that Davis had to report her concerns about the nursing home to the Ohio Director of Health in order to engage in protected activity.

As a federal court sitting in diversity, we apply the law of the forum state. Because the Ohio Supreme Court has not addressed the issue, we "predict what the Ohio Supreme Court would do if confronted with the same question." *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). In making this prediction, we must take into account intermediate state appellate court decisions, which "may not be disregarded unless [we are] convinced by other persuasive data that the highest

court of the state would decide otherwise." *Lawler v. Fireman's Fund Ins. Co.*, 322 F.3d 900, 903 (6th Cir. 2003) (quotation omitted); *see also Kirk v. Hanes Corp.*, 16 F.3d 705, 707 (6th Cir. 1994) (requiring a "strong showing" that the highest court in the state would rule otherwise to ignore an intermediate appellate decision) (quotation and emphasis omitted).

One Ohio intermediate appellate court has addressed this precise issue. In *Arsham-Brenner v. Grande Point Health Care Community*, No. 74835, 2000 WL 968790 (Ohio Ct. App. July 13, 2000), the court concluded "that [§] 3721.24 forbids retaliation for reports, whether obligatory or voluntary, made only to the director of health pursuant to [§] 3721.22. Any reports to others, such as to [plaintiff's] employer, of suspected resident abuse or neglect do not qualify for protection under [§] 3721.24(A)." *Id*. at *6. In that case, much as in this one, the director of nursing for a health care organization reported below-standard care to her employers and did not report anything to the Ohio Department of Health. In rejecting the resulting retaliation claim, the *Arsham-Brenner* court noted that § 3721.22(A) obliges licensed health professionals to report instances of abuse to the Director of Health, subsections B and C of that provision establish voluntary reporting for others to the Director of Health and § 3721.23 describes the duties of the Director of Health to investigate these allegations. *Id*. In this context, the court reasoned, the next statute, § 3721.24, must be read as requiring an individual to report abuse to the Director of Health to obtain protection from discharge. *Id*.

This is far from an unreasonable interpretation of the statute. The Ohio Supreme Court recently observed that it was "mindful that all statutes which relate to the same general subject

matter must be read *in pari materia*," *Carnes v. Kemp*, 821 N.E.2d 180, 183 (Ohio 2004) (quotation omitted), and has previously construed whistleblower statutes narrowly, *see Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308 (Ohio 1997). As this court is sitting in diversity and as we have no evidence, much less persuasive evidence, that the Ohio Supreme Court would construe this statute differently, we are obliged to hold that § 3721.24(A) requires the plaintiff to report instances of abuse in nursing homes to the Ohio Director of Health. Because Davis's motion to amend does not state that she reported (or intended to report) the alleged abuse to public authorities, the motion was futile and accordingly was properly dismissed.

Davis's arguments on appeal do not alter this conclusion. She now contends that she *intended* to report her complaints to the Ohio Director of Health, which is protected under § 3721.24. Unfortunately for Davis, however, she did not make these intentions known in her original complaint, in her motion to amend that complaint or anywhere else in the lower court record. In reviewing the district court's resolution of her motion to amend the complaint, we may consider only the arguments she made before the district court. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990).

Noting that *Arsham-Brenner* is not a published opinion, she next argues that it need not be followed here. But Ohio Supreme Court Reporting of Opinions Rule 4, adopted in 2002, abolished any distinction between published and non-published appellate opinions with regard to whether they receive controlling or persuasive weight. Ohio Sup. Ct. Rep. Op. R. 4 (2005). Proving the relevance of this unpublished decision, this court has relied on it with respect to an unrelated point of law, *see*

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003), and district courts in the Sixth Circuit have cited the case twice, *see Herrington v. DaimlerChrysler Corp.*, 262 F. Supp. 2d 861, 866 (N.D. Ohio 2003); *Yuhasz v. Brush Wellman*, *Inc.*, 181 F. Supp. 2d 785, 796 (N.D. Ohio 2001).

Davis lastly argues that the district court mistreated her motion for leave to amend by "conforming [it] to a motion for summary judgment without proper notice to Appellant." Davis Br. at 23. In her view, the court considered issues outside of the pleadings and thus did not appropriately rule on the motion. Not true. In considering a motion for leave to amend under Fed. R. Civ. P. 15(a), a district court may consider whether the plaintiff has alleged a prima facie case. If not, the plaintiff's motion is futile because leave to amend would not establish a cognizable claim. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). In this instance, the district court made a legal judgment based on the pleadings and the motion to amend that Davis had failed to plead a prima facie case under § 3721.24 because she did not report her complaints to the Ohio Director of Health. That determination was well within the district court's authority.

III.

For these reasons, we affirm.