NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0403n.06

No. 14-3669

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JOHN N. SEMERTZIDES, aka John N. Semertzides M.D., | ) ) ) | **FILED**<br>Jun 04, 2015<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) |  |
| v. | ) ) |  |
| BETHESDA NORTH HOSPITAL; TRI-HEALTH HOSPITALS, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF |
| Defendants-Appellees, | ) ) | OHIO |
| and | ) ) |  |
| QUEEN CITY SURGICAL CONSULTANTS, | ) ) ) |  |
| Defendant. | ) ) |  |

BEFORE:  SUTTON, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM.  John N. Semertzides appeals the district court's order dismissing his civil complaint.

Semertzides filed a complaint against Bethesda North Hospital, Tri-Health Hospitals, and Queen City Surgical Consultants, LLC, asserting that the defendants created a hostile work environment, intentionally inflicted emotional distress upon him, and violated the Sherman Antitrust Act, the False Claims Act, and Ohio's whistleblower statute.  As a factual basis for his

claims, Semertzides alleged that the defendants interfered with his surgical practice by conducting an unwarranted and unfair investigation into whether he provided substandard medical care and by suspending, and ultimately revoking, his staff privileges. Semertzides further alleged that the defendants' actions were intended to restrain trade and reduce competition and that the actions were in retaliation for his reports that surgical groups and practitioners were engaging in "turf wars" to reduce competition. Semertzides sought monetary relief. The district court dismissed the complaint, concluding that Semertzides failed to state a claim upon which relief could be granted. The court declined to grant Semertzides leave to amend.

On appeal, Semertzides argues that the district court erred by dismissing his complaint and by denying him leave to amend. We review de novo the dismissal of a complaint for failure to state a claim upon which relief may be granted. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir.), *cert. denied*, 135 S. Ct. 758 (2014). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.*

The district court properly dismissed Semertzides's complaint. Semertzides failed to state a viable antitrust violation because he did not allege facts showing that the defendants' actions were manifestly anticompetitive, *see Care Heating & Cooling, Inc. v. Am. Standard, Inc.*, 427 F.3d 1008, 1012 (6th Cir. 2005), and he failed to specifically identify the relevant market, *see Worldwide Basketball & Sport Tours, Inc. v. Nat'l Collegiate Athletic Ass'n*, 388 F.3d 955, 961-62 (6th Cir. 2004). Moreover, Semertzides only alleges an anticompetitive effect on him, not the market, and "[i]ndividual injury, without accompanying market-wide injury, does not fall within the protections of the Sherman Act." *Care Heating*, 427 F.3d at 1014. The complaint

failed to state a claim under either the False Claims Act or Ohio's whistleblower statute because there were no allegations involving fraud on the federal government, *see McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 516 (6th Cir. 2000), and Semertzides did not allege facts showing that he complied with the procedural requirements of Ohio's whistleblower statute, *see* Ohio Rev. Code § 4113.52; *Contreras v. Ferro Corp.*, 652 N.E.2d 940, 943-44 (Ohio 1995). The complaint also failed to adequately allege claims of intentional infliction of emotional distress and creation of a hostile work environment because Semertzides did not allege facts showing that the defendants' conduct was extreme and outrageous, *see Tuleta v. Med. Mut. of Ohio*, 6 N.E.3d 106, 118 (Ohio Ct. App. 2014), or that he was a member of a protected class, *see Russell v. Univ. of Toledo*, 537 F.3d 596, 608 (6th Cir. 2008); *Jenkins v. Giesecke & Devrient Am., Inc.*, 985 N.E.2d 176, 180 (Ohio Ct. App. 2012).

Finally, the district court did not abuse its discretion by denying Semertzides leave to amend his complaint because he did not move for leave to amend or specifically identify any proposed amendment to the complaint. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783-84 (6th Cir. 2000).

Accordingly, we affirm the district court's order.