NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0043n.06

Case No. 22-5539

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CONNIE LYNN REGULI, | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jan 20, 2023 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| JAMES P. CATALANO; ROBERT | ) | THE MIDDLE DISTRICT OF |
| HASSELL; DAVID A. KOZLOWSKI, | ) | TENNESSEE |
|  | ) |  |
| Defendants-Appellees. | ) | OPINION |
|  | ) |  |

Before: CLAY, WHITE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Attorney Connie Reguli appeared before a disciplinary panel for alleged violations of Tennessee's rules of professional ethics. She alleges the process violated the Sherman Antitrust Act because the attorneys on the panel were her competitors. The district court dismissed her complaint. We affirm.

State disciplinary counsel filed a petition against Reguli alleging six ethical violations. A panel of three lawyers—the appellees—heard her case. *See* Tenn. R. Pro. Conduct 9 §§ 3, 6.4. Reguli alleges the panel members committed numerous procedural missteps, such as setting unattainable deadlines and arbitrarily limiting evidence. The crux of her complaint is that the panel members' "arbitrary and prejudicial" actions, coupled with their "inten[t] to restrict the marketplace," violated federal antitrust laws. R. 1, Pg. ID 26.

The district court dismissed her complaint for failure to allege an antitrust injury. *Reguli v. Catalano*, No. 3:21-cv-00713 (WDC), 2022 WL 1721042, at \*2 (M.D. Tenn. May 26, 2022). Reguli timely appealed.

To allege an antitrust injury, a plaintiff must claim "market-wide injury," not mere individual injury. *Care Heating & Cooling, Inc. v. Am. Standard, Inc.*, 427 F.3d 1008, 1014 (6th Cir. 2005) ("Individual injury, without accompanying market-wide injury, does not fall within the protections of the Sherman Act."). That's because the antitrust laws protect "*competition* not *competitors*." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 451 (6th Cir. 2007) (en banc) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977)).

For example, in a similar case, a doctor alleged that he was subjected to an "unwarranted and unfair investigation" meant to restrain trade and reduce competition. *Semertzides v. Bethesda N. Hosp.*, 608 F. App'x 378, 378 (6th Cir. 2015) (per curiam). Applying the market-wide-injury rule, we held that the doctor had failed to allege an antitrust violation because he alleged only an "[i]ndividual injury, without accompanying market-wide injury." *Id.* at 379 (alteration in original) (quoting *Care Heating*, 427 F.3d at 1012).

Like the doctor in *Semertzides*, Reguli alleges a fundamentally unfair investigation, but without any market-wide effect. So she similarly fails to allege an antitrust injury.

Reguli disagrees, citing *North Carolina State Board of Dental Examiners v. FTC*, 574 U.S. 494 (2015). But there was a market-wide injury in that case: the state dental ethics board stopped all non-dentists across the state from offering teeth-whitening services. *Id.* at 501. Whereas here, Reguli doesn't allege any such market-wide impact. So *North Carolina State Board* doesn't help Reguli.

Finally, Reguli argues that the district court ignored her claim for declaratory relief. But because Reguli hasn't stated a claim, the district court wasn't required to address her request for relief, nor must we address the board members' immunity defense.

We affirm.